[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14942
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-00118-WLS

MICHAEL MCCULLOUGH,

Plaintiff-Appellant,

versus

BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA,
d.b.a. Bainbridge College,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 12, 2015)

Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Michael McCullough appeals from the district court's dismissal of his retaliation action against the Board of Regents of the University System of Georgia (Board) for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6). For the reasons that follow, we affirm.

## I.

McCullough filed a complaint under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*, alleging the Board retaliated against him after he complained of racial discrimination. According to his complaint, McCullough, who is black, enrolled at Bainbridge College in 2009. The following year, after an incident in which he was accosted by a white female student, campus security began following and harassing him. He was advised to drop his classes and request an administrative hearing. When he refused to drop his classes, he was instructed to leave campus every day when his classes ended. On one occasion, campus security removed him from the library. Ultimately, he was not allowed to take his final exams and failed at least one class.

On July 5, 2010, McCullough went to campus to obtain copies of his transcripts and records. Because he believed he was being treated differently due to his race, he brought with him a spokesperson from the NAACP. McCullough spoke with Connie Snyder and was told his records could not be produced. At this point, McCullough asked Snyder why a black student was being treated differently

2

than a white student.  The following summer, McCullough tried to transfer to Valdosta State University (VSU), but he was denied admission.  McCullough believed the basis for the denial was the false and incomplete information in the transcripts and disciplinary records the Board submitted to VSU.   Thus, in his complaint, McCullough alleged this transfer of false disciplinary records and transcripts was done in retaliation for his complaint to Snyder that a white student was treated more favorably.

The Board moved to dismiss, arguing the complaint was barred by the applicable two-year statute of limitations and failed to state a claim under Rule 12(b)(6).  The district court found McCullough failed to sufficiently allege causation between his protected speech and the transfer of false records to VSU.  The district court noted that more than a year had elapsed between the time McCullough complained to Snyder of racial discrimination and his rejection from VSU.  Accordingly, the district court dismissed the complaint.[1]  McCullough appealed.

---

[1]  Although the district court indicated in its order that the dismissal was without prejudice, the district court did not dismiss with leave to amend or specify a time in which McCullough could amend the complaint.  Moreover, the district court dismissed the complaint after finding that McCullough failed to set out a prima facie case of retaliation under Title VI. As this is generally a merits issue, it seems the district court intended to dismiss with prejudice. In either event, we have jurisdiction over this final order.  *See Samco Global Arms, Inc. v. Arita*, 395 F.3d 1212, 1213 n.2 (11th Cir. 2005) (explaining that a dismissal without prejudice can be a final order over which the district court of appeals has jurisdiction); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1094 n.7 (11th Cir. 1996) (same).

3

## II.

"We review *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (quotation omitted). To survive dismissal for failure to state a claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and internal alterations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Title VI prohibits discrimination on account of race, color, or national origin in all programs and activities receiving federal financial assistance. 42 U.S.C. § 2000d. Although the statute itself is silent as to retaliation, the Supreme Court has recognized a cause of action for retaliation under Title IX, *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 178 (2005), and we construe Titles VI and IX *in pari materia*, *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1170 n.12 (11th Cir. 2003). To establish a prima facie case of retaliation, McCullough must

show (1) he engaged in statutorily protected expression; (2) the Board took action that would have been materially adverse to a reasonable person; and (3) there was a causal link between the two events. *See Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (discussing retaliation under Title VII).[2] To establish a causal connection in a retaliation case, "a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *Shannon v. BellSouth Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002) (quotation omitted) (discussing retaliation under Title VII).

### III.

McCullough argues he sufficiently pleaded his retaliation claim under *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002), in which the Supreme Court clarified that plaintiffs are not required to set out a prima facie case in a complaint because the prima facie case is an "evidentiary standard, not a pleading requirement." He contends his complaint was sufficient under *Twombly* and *Iqbal* because he alleged enough facts to show his claim of retaliation was plausible. He disputes that there was no causal connection between his complaint and the denial

---

[2] Other circuits have applied Title VII retaliation standards to Title IX cases. *See, e.g.*, *Summa v. Hofstra Univ.*, 708 F.3d 115, 131 (2d Cir. 2013); *Milligan v. Bd. of Trustees of S. Illinois Univ.*, 686 F.3d 378, 388 (7th Cir. 2012).

of his admission to another university, and he notes the transfer of his records was the Board's first opportunity to retaliate.

McCullough's reliance on *Swierkiewicz* is unavailing.  Even if a plaintiff need not plead a prima facie case to survive dismissal, the complaint must satisfy *Iqbal*'s "plausible on its face" standard, and the allegations must be sufficient to "raise a right to relief above the speculative level" under *Twombly*.  *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010) (noting that post-*Iqbal*, a plaintiff must allege a prima facie case of discrimination); *cf. Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270-71 (11th Cir. 2004) (explaining, pre-*Twombly*, that *Swierkiewicz* "did not even remotely suggest that a pleading could survive dismissal when it consisted of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based").  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  Our analysis of the plausibility standard is "context-specific" and "requires [us] to draw on [our] judicial experience and common sense." *Id.* at 679.

The district court found McCullough had failed to plead sufficient facts to establish a causal connection between his protected speech and the denial of admission to VSU.  We agree.  McCullough alleged only that "[u]pon information and belief" the Board forwarded false records to VSU, which resulted in the denial

of admission there.  This statement alone is insufficient to allege a causal link that would support a claim of retaliation.  *See, e.g.*, *Twombly*, 550 U.S. at 551, 557 (declining to take as true the conclusory allegation "upon information and belief" that the companies had entered a conspiracy without enough facts to make that statement plausible).  McCullough alleged no other facts to link the denial of admission to VSU and his complaint of race discrimination at Bainbridge College.  Applying the plausibility standard here, along with our own common sense, we conclude McCullough failed to set out sufficient facts to raise his allegations of retaliation above the speculative level.  Accordingly, the district court's dismissal of the complaint for failure to state a claim under Rule 12(b)(6) is affirmed.

**AFFIRMED.**